IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL A. BURK,<br>　　*Plaintiff*, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 23-CV-3004 |
| MS. QUINN, *et al.*<br>　　*Defendants*. | :<br>:<br>: |

## ORDER

AND NOW, this 22nd day of August, 2023, upon consideration of Plaintiff Ishmael A. Burk's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Ishmael A. Burk, #NH-0208, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Burk's inmate account; or (b) the average monthly balance in Burk's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Burk's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited

to Burk's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent of SCI Chester.

      4.      The Complaint is **DEEMED** filed.

      5.      The Clerk of Court is **DIRECTED** to amend the docket to reflect the correct spelling of Defendant "D. Varner, Chief Grievance Officer".

      6.      For the reasons stated in the Court's Memorandum, Burk's official capacity claims against all Defendants and his individual capacity claims based on grievances against Defendants Quinn and Varner are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      7.      The Clerk of Court is **DIRECTED** to terminate Quinn and Varner as defendants.

      8.      The Clerk of Court is specially appointed to serve written waiver requests on the following Defendants, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service:

          a. Parole Agent Ms. James,

          b. Supervisor Ms. James, and

          c. Unit Manager Ms. Neally.

The waivers shall be addressed to each Defendant at SCI Chester, 500 East 4th Street, Chester, Pennsylvania, 19013.

      9.      The waiver of service requests shall be accompanied by a copy of the Complaint and shall inform the Defendant(s) of the consequences of compliance and failure to comply with the requests.  The requests shall allow the Defendants at least

30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers.

10. If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

11. The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

12. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions** unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

13. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

14. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Burk is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

15. Once discovery is permitted, Burk should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil

Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local Rule 26.1(f), Burk shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

16. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

17. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

18. Burk may file a motion for voluntary dismissal of this case at any time if Burk decides not to pursue it. In making this decision, Burk should consider the statute of limitations.

          **BY THE COURT:**

          */s/ Gerald J. Pappert*
          **GERALD J. PAPPERT, J.**